IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAR 2 2 2005
Michael N. Milby, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. H-90-424 (02) |
| § | CIVIL ACTION NO. G-05-141 |
| GERMAN DUQUE § | |

## REPORT AND RECOMMENDATION

On March 4, 2005, German Duque, one of the named Defendants in the above-styled and numbered cause, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Pursuant to Rule 4 of the Rules Governing Section 2255 Motions, the Court has examined the motion together with the file and records relating to the Judgment under attack; it now issues this Report and Recommendation.

Duque was indicted on November 19, 1990, for his involvment in a drug trafficking conspiracy; he was charged with conspiracy to posses with the intent to distribute "5 kilograms or more" of cocaine. On January 10, 1991, Duque pleaded guilty to the conspiracy count. On April 11, 1991, at Sentencing, the District Court found, by a preponderance of the evidence, that Duque acted as an organizer of the conspiracy, that firearms were possessed in furtherance of the offense, and that the quantity of cocaine involved was 150 kilograms. The Court, therefore, enhanced Duque's guidelines base level from 32 to 38 and sentenced Duque to a term of imprisonment of 292 months. No direct appeal was taken, however, on July 26, 1995, Duque filed a § 2255 motion claiming he was denied his right to appeal due to ineffective advice from his trial counsel. The District Court denied the motion, but the United States Court of Appeals reversed that decision and remanded the case for further proceedings. Following the remand, the

Government conceded that Duque had been denied his direct appeal and the District Court, on June 4, 1999, granted Duque an out-of-time appeal. On December 10, 1999, the United States Court of Appeals affirmed the Judgment of the District Court. Duque did not file a Petition for Writ of Certiorari with the United States Supreme Court and his conviction, therefore, became final when his time to do so expired on Thursday, March 9, 2000.

As an initial observation, the Court agrees with Duque that the instant motion is not successive since his previous successful motion was brought solely to reinstate his right to a direct appeal. See In Re: Godard, 170 F.3d 435, 437 (4th Cir. 1999); see also United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997)

In 1996, the Anti-terrorism and Effective Death Penalty Act (AEDPA) became effective. According to AEDPA, a Defendant now has one year from the date upon which his criminal conviction becomes final to file a § 2255 motion. As stated above, Duque's conviction became final on March 9, 2000, therefore, he had until March 9, 2001, to file the instant motion, United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000), unless one of the statutory exceptions is applicable. The only statutory exception possibly applicable to this case provides that,

> The limitation period shall run from the latest of—
>
> ...
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In his motion, Duque raises four grounds for relief: (1) that his Fifth and Sixth Amendment rights were violated when the District Court enhanced his sentence; (2) that his trial counsel was ineffective for failing to explain the possibilities of the enhancements; (3) that he is

2

actually innocent of the enhancements because they were unconstitutionally imposed; and (4) that his plea of guilty was invalid because he was never advised of the elements of the offense with which he was charged. In support of his motion, Duque relies heavily upon the recent Supreme Court decision in United States v. Booker, _____ U.S. _____, 125 S.Ct. 738, ____ L.Ed. 2d _____ (2005), which held that the enhancement procedures mandated by the United States Sentencing Guidelines, and used to determine Duque's ultimate sentence, are unconstitutional. Duque claims that Booker recognized the new constitutional right which is retroactively applicable to cases on collateral review. If he were correct, his motion would be timely, if not, it is time-barred.

In the opinion of this Court, the Booker decision does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, _____ F.3d _____, 2005 WL 237642 (7th Cir., February 2, 2005), see also In Re: Anderson, ____ F.3d ___, 2005 WL 123923 (11th Cir., January 21, 2005)  While the Court recognizes that a strong argument can be made that Booker should be given retroactive effect, Duque's motion is time-barred unless or until the United States Supreme Court determines that Booker is retroactively applicable to cases on collateral review.

For the foregoing reasons, it is the opinion of this Court that Duque's Motion is time-barred and it is, therefore, **RECOMMENDED** that his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Instrument no. 445) be **DISMISSED** .

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties by the means in place for transmission of same. The Parties **SHALL** have until **April 8, 2005** to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___21st___ day of March, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE