IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CRIMINAL NO. H-90-424 (02) |
| | §   CIVIL ACTION NO. G-05-141 |
| GERMAN DUQUE | § |

**OPINION AND ORDER**

Before the Court is the " Motion to Alter/Amend/Reconsider Judgment" filed by German Duque, *pro se* movant in this § 2255 proceeding. The motion asks the Court to revisit its Opinion and Order adopting the Report and Recommendation of the United States Magistrate Judge and the resultant Final Judgment dismissing Duque's motion.

Duque initially complains that this Court did not consider the objections he filed to the Report and Recommendation. In this regard, he is correct. Duque erroneously mailed his objections to the District Clerk in Houston, not Galveston, and under the new docketing system an actual copy of the objections was not in the possession of the Court when it authored its earlier Opinion and Order. Therefore, the Court applied the wrong standard of review.

Nonetheless, even after completing a *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that the Report and Recommendation of the Magistrate Judge is a well reasoned and correct application of current federal law to Duque's claims, which all rely on the applicability of the recent Booker[1] decision to cases on collateral review. In the opinion of this Court Booker does not apply; the Supreme Court seems to have limited Booker's application only " to all cases

---

[1] United States v. Booker, ___ U.S. ___, 160 L.Ed. 2d 621 (2005)

on direct review." 160 L.Ed. 2d at 665   Duque's attempt to distinguish between Booker's retroactive applicability to first and successive § 2255 motions is without merit.  See Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005) (Booker not retroactively applicable under Teague analysis to initial Section 2255 motion), see also Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005) (same)

Accordingly, Duque's "Motion to Alter/Amend/Reconsider Judgment" (Instrument no. 450) is **DENIED**.

**DONE** at Galveston, Texas, this 31st day of May, 2005.

_____
Samuel B. Kent
United States District Judge