IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. H-90-424 (02) |
| § | |
| GERMAN DUQUE § | |

**ORDER OF DISMISSAL**

On March 7, 2006, German Duque, one of the named Defendants in the above-styled and numbered cause filed a " Motion for Request Preserved Error Review as to Sentencing."

In his Motion, Duque, despite the otherwise finality of his sentence, argues that because he timely objected to certain Court-determined enhancements, those objections are revived by the subsequent decision in Booker[1] for the purpose of attacking the legitimacy of his sentence. Duque is wrong. Booker is not retroactive, United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005), and, therefore, it does not resurrect Duque's rejected enhancement claims. Cf. United States v. Shunk, 113 F.3d 31 (5th Cir. 1997) Consequently, Duque's Motion is simply a masked attempt to seek relief only available under 28 U.S.C. § 2255. Unfortunately, for Duque, such a Motion is precluded. Duque filed an earlier § 2255 Motion on March 4, 2005. That Motion was dismissed as time-barred on April 28, 2006, and is now the subject of an appeal pending before the United States Court of Appeals for the Fifth Circuit. Since any new § 2255 Motion would, therefore, be successive, Duque must receive permission from the Court of Appeals before he may file it with the District Court. See 28 U.S.C. § 2244(b)(3) Unless or until the Court

---

[1] United States v. Booker, 543 U.S. 220 (2005)

of Appeals authorizes Duque to file a successive § 2255 Motion, this Court has no jurisdiction to consider same.  Crone v. Cockrell, 324 F.3d 833, 844 (5th Cir. 2003)    It is, therefore,

**ORDERED** that the instant Motion (Instrument no. 476) is **DENIED for want of jurisdiction**.

**DONE** at Galveston, Texas, this 23rd day of March, 2006.

_____
Samuel B. Kent
United States District Judge