IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-90-424 (02) |
| | § | |
| GERMAN DUQUE | § | |

## REPORT AND RECOMMENDATION

On October 10, 2005, German Duque, one of the named Defendants in the above-styled and numbered cause, filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Relying on Retroactive Amendments 591 and 599" to the United States Sentencing Guidelines (U.S.S.G.). Having carefully considered his Motion, the amendments in question and appropriate case law, this Court submits this Report and Recommendation to the District Court.

The relevant facts are simply stated. On November 19, 1990, a federal Grand Jury returned an Indictment against Duque and three other Defendants. Duque was named in three counts of the Indictment, two of which are pertinent to the instant Motion. In Count 1 Duque was charged with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 §§ 841(a)(1), 841(b)(1)(A) and 846. Count 2 charged Duque with possession with intent to distribute cocaine. Count 4 charged that Duque did use and carry a firearm during and in relation to the drug trafficking crimes alleged in Counts 1 and 2 of the Indictment in violation of 18 U.S.C. § 924(c)(1). On January 10, 1991, Duque pleaded guilty to Count 1. On April 11, 1991, Duque was sentenced to 292 months of imprisonment. Following the pronouncement of sentence the District Court, upon Motion of the Government, dismissed Counts 2 and 4.

Subsequent to Duque's sentencing the United States Commission issued Sentencing Guideline Amendments 591 and 599 effective November 2000. The amendments were made retroactive under § 1B1.10. In his Motion, Duque argues that these two amendments apply to his case and that their retroactive application will reduce his base offense level and lower his sentence to 235 months. This Court disagrees.

Amendment 591 requires that the initial selection of the applicable offense guideline be based only upon the statute underlying the Defendant's conviction, rather than judicial findings of actual, relevant conduct not admitted by the Defendant at his guilty plea. U.S. v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005)   In this case, the Probation Officer responsible for Duque's Presentence Investigation Report determined that "the guideline for 21 U.S.C. § 841(a)(1) and 846 is found in U.S.S.G. § 2D1.4 (now deleted) which refers to U.S.S.G. § 2D1.1." Since the object of the conspiracy in this case was the distribution of cocaine in violation of §§ 841 and 846, this determination was correct. United States v. Rivera, 293 F.3d 584, 586 (2$^{d}$ Cir. 2002) Nevertheless, Duque complains that this sentence runs afoul of the amendment because the District Court increased his base offense level by 2 points because Duque possessed a firearm during the commission of the drug trafficking offense despite the dismissal of Count 4 of the Indictment. Unfortunately, for Duque, he misconstrues the purpose of the amendment. The plain wording of Amendment 591 applies only to the choice of the applicable offense guideline, not to the subsequent selection of the appropriate base offense level under that guideline. U.S.S.G. § 1B1.3(a) explicitly allows a sentencing Court to consider relevant conduct and specific offense characteristics in choosing the base offense level once the appropriate offense guideline has been selected. U.S.S.G. § 2D1.1(b)(1) states that if a firearm was possessed during the commission

of the underlying offense a 2-level increase of the Defendant's base offense level is required. Since Amendment 591 has no application to the determination of Duque's base offense level, he is not entitled to any retroactive benefit.

Duque's Motion fairs no better under Amendment 599. Amendment 599 was enacted to clarify under what circumstances a weapon enhancement may be applied to an underlying offense when a Defendant has *also* been convicted for the use or possession of a firearm under 18 U.S.C. § 924(c) which carries a separate and consecutive punishment. United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003)   Under this amendment, the separate and consecutive sentence required by § 924(c) sufficiently accounts for a Defendant's use of a weapon. But Duque was not convicted of the § 924(c) offense alleged in the Indictment, instead, that charge was dismissed. In the absence of a separate § 924(c) conviction in conjunction with Duque's drug trafficking conviction, the weapon enhancement of his base offense level was proper. United States v. Howard, 352 F.3d 332, 338 (7th Cir. 2003)   This claim is, therefore, without merit.

For all of the foregoing reasons it is the **RECOMMENDATION** of this Court that the "Moiton to Reduce Sentence Pursuant to 18 USC 3582(c)(2) Relying on Retroactive Amendments 591 and 599" (Instrument No. 472) of Defendant, German Duque, be **SUMMARILY DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to **Duque** who **SHALL** have until **November 3, 2006** in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar the Parties from

attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this    17th    day of October, 2006.

                                                John R. Froeschner
                                                United States Magistrate Judge